UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ASSOCIATION INSURANCE COMPANY, § | | |
|     *Plaintiff*, § | | |
| v. § | CIVIL ACTION NO. 5:23-cv-1444 | |
| § | | |
| PROJEKT CONSTRUCTION, INC., AND § | | |
| EMILY LEHMBERG, § | | |
|     *Defendants.* § | | |
| § | | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Pursuant to 28 U.S.C. § 2201, Plaintiff Association Insurance Company, ("AIC-Builders") files this Complaint for Declaratory Judgment against Defendants Projekt Construction, Inc. ("Projekt") and Emily Lehmberg ("Ms. Lehmberg") and respectfully requests that this Court issue a declaration as to AIC-Builders' rights and obligations under the general liability policies of insurance AIC-Builders issued Projekt.

The following exhibits are filed with this Complaint for Declaratory Judgment. References to the exhibits include the Bates number of the specific page referenced as (AIC-Builders 00000):

| Exhibit | Description | Page Numbers |
|---|---|---|
| A | Selected sections from AIC-Builders policy number #PKG 0129567 00 to Projekt for the period 08-16-12 through 08-16-13 (the "2012 Policy") | AIC-Builders 00001 - 00130 |
| B | Selected sections from AIC-Builders policy number #PKG 0129567 01 to Projekt for the period 08-16-13 through 08-16-14 (the "2013 Policy") | AIC-Builders 00131 - 00332 |
| C | Plaintiff's Third Amended Petition in the underlying lawsuit styled and numbered, *Emily Lehmberg v. Projekt Construction Inc., Studio E. Architecture and Interiors, Inc., Aimee Escamilla, Joaquin Escamilla, Randall Olson, Edward McGinnes and Mangold Roofing and Sheet Metal Inc.*, Cause No. 2016-CI-10649 | AIC-Builders 00333 - 00360 |

In support of its request for declaratory relief, Association respectfully shows the Court as

follows:

## NATURE OF THE SUIT

1. This action involves an insurance coverage dispute arising out damages Ms. Lehmberg seeks from AIC-Builders' insured, Projekt, in an underlying lawsuit, as amended July 9, 2019, Cause No. 2016-CI-10649, *Emily Lehmberg v. Projekt Construction, Inc., Studio E. Architecture and Interiors Inc., Aimee Escamilla, Joaquin Escamilla, Randall Olson, Edward McGinnes, and Mangold Roofing and Sheet Metal Inc.,* (the "Underlying Lawsuit"). Ms. Lehmberg alleges that on or about December 14, 2012, she signed an agreement with Projekt regarding construction work to a home located at 117 W. Gramercy, San Antonio, Texas (the "Property"). Further, she alleges Projekt and its contractors' and subcontractors' work caused construction defects damaging the Property in excess of $1,000,000.00.

2. AIC-Builders issued insurance policies to Projekt, No. PKG 0129567 00, effective August 16, 2012 through August 16, 2013 (Exhibit A) and No. PKG 0129567 01, effective August 16, 2013 through August 16, 2014 (Exhibit B and collectively the "Policies"). The Policies contain certain exclusions barring coverage for many if not all of the damages Ms. Lehmberg seeks in the Underlying Lawsuit.

3. AIC-Builders now seeks a declaration of its legal rights and obligations under the Policies it issued to Projekt with respect to indemnity for the damages Ms. Lehmberg alleges in the Underlying Lawsuit. Specifically, AIC-Builders seeks the following declarations:

a) AIC-Builders has no obligation to indemnify Projekt or pay any portion of any judgment or settlement of the Underlying Lawsuit for fortuitous or known loss or damage to the Property that Ms. Lehmberg knew of before one or more of the Policies were issued

b) AIC-Builders has no obligation to indemnify Projekt or pay any judgment or settlement in the Underlying Lawsuit for damages that do not qualify as "property damage" as defined by the Policies, including but not limited to, the return or reimbursement of monies;

c) AIC-Builders has no obligation to indemnify Projekt or pay any judgment or settlement in the Underlying Lawsuit for damages due to faulty, defective, or poor workmanship by Projekt, its employees, contractors, or subcontractors because coverage is limited by the Policy's endorsement for Residential Faulty, Defective or Poor Workmanship;

d) AIC-Builders has no obligation to indemnify Projekt or pay any judgment or settlement in the Underlying Lawsuit for property damage arising out of professional services of real estate agents and/or brokers or architects, engineers, or surveyors because the Policies bar coverage for such damage by Exclusion—Designated Professional Services, form CG 21 16 07 98;

e) AIC-Builders has no obligation to indemnify Projekt or pay any judgment or settlement in the Underlying Lawsuit for property damage arising out of the rendering of or failure to render any professional services by Projekt or any engineer, architect or surveyor who is either employed by Projekt or performing work on Project's behalf because the Policies bar coverage for such damage by Exclusion—Engineers, Architects or Surveyors Professional Liability, form CG 22 43 07 98;

f) AIC-Builders has no obligation to indemnify Projekt or pay any judgment or settlement in the Underlying Lawsuit for property damage arising out of, caused by, or attributable to, whether in whole or in part, any "exterior insulation and finish system" or any part thereof, or any substantially similar system or any part thereof because the Policies bar coverage

for such damage by Exterior Insulation and Finish Systems Exclusion, form CG 21 86 12 04; and

g) AIC-Builders has no obligation to indemnify Projekt or pay any judgment or settlement for property damage arising out of the preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, filed orders, change orders or drawings and specifications by any architect, engineer or surveyor performing services on Ms. Lehmberg's construction project because the Policies bar coverage for such damage under the Construction management Errors and Omissions Exclusion, form CG 22 34 07 98.

## THE PARTIES

4. Plaintiff Association Insurance Company. is a Delaware corporation with its principal place of business in Atlanta, Georgia.

5. Defendant Projekt Construction, Inc. was a domestic corporation incorporated in Texas. Upon information and belief, Projekt Construction, Inc. voluntarily dissolved; therefore, under Texas Rule of Civil Procedure 29, Projekt may be served through its President, Director and governing person, Aimee K. Escamilla at 208 Inslee, San Antonio, Texas, 78209.

6. Defendant Emily Lehmberg is an individual resident of Bexar County, Texas, who, upon information and belief, currently resides at 117 W. Grammercy Pl., San Antonio, Texas, 78212. Ms. Lehmberg is a potential judgment creditor who is expected to seek proceeds from the Policies issued to Projekt for any judgment or settlement in the Underlying Lawsuit. Ms. Lehmberg may be served with process at her current residence or wherever she may be found.

## JURISDICTION AND VENUE

7. AIC-Builders seeks declarations regarding insurance coverage pursuant to 28 U.S.C. §2201 and pursuant to Federal Rule of Civil Procedure 57.

8. This Court has original diversity jurisdiction over this matter pursuant to 28 U.S.C.

§1332 as the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, and complete diversity exists between Plaintiff AIC-Builders and the Defendants, Projekt and Ms. Lehmberg.

9. Plaintiff AIC-Builders is a Delaware corporation with its principal place of business in Georgia. Therefore, AIC-Builders is a citizen of Delaware and Georgia for purposes of diversity jurisdiction.

10. Projekt was a Texas corporation with its principal place of business in Spring Branch, Texas. Upon information and belief, Projekt's President and Director was Aimee K. Escamilla, who resides at 208 Inslee, San Antonio, Texas, 78209 and Projekt's other Director was Joaquin F. Escamilla, who also resides at 208 Inslee, San Antonio, Texas, 78209. Projekt's last known registered agent is Aimee Escamilla. Upon information and belief, Projekt voluntarily dissolved on or about November 14, 2016 and identified its governing person as Aimee K. Escamilla, 208 Inslee, San Antonio, Texas, 78209. Therefore, Projekt Construction is considered a citizen of Texas for purposes of diversity jurisdiction.

11. Emily Lehmberg is an individual citizen and resident of Bexar County, Texas. Therefore, she is a citizen of Texas for purposes of diversity jurisdiction.

12. The amount in controversy in this case, exclusive of interest and costs, exceeds $75,000. The Complaint filed by Defendant Emily Lehmberg alleged monetary relief over $1,000,000.

13. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 124(b)(2) because Ms. Lehmberg is a citizen of San Antonio, Bexar County, Texas, a county embraced by the Western District of Texas, and the San Antonio Division. Additionally, Projekt was located in San Antonio, Bexar County, Texas, and its governing person identified in the Office

of the Texas Secretary of State's public records as Aimee K. Escamilla, resides at 208 Inslee, San Antonio, Bexar County, Texas, a county embraced by the Western District of Texas, and the San Antonio Division.

# FACTS

**A.    The Underlying Lawsuit**

14.    In the Underlying Lawsuit, Ms. Lehmberg alleges that she signed a December 14, 2012 agreement with Project regarding construction work at 117 W. Gramercy, San Antonio, Texas (the "Property") (Exhibit C at AIC-Builders 00335).

15.    Ms. Lehmberg alleges Projekt and other underlying defendants performed or failed to perform architectural services in conjunction with the construction work at the Property (Exhibit C at AIC-Builders 00343).

16.    Ms. Lehmberg alleges that Projekt committed fraud, violated the Texas Deceptive Trade Practices Act ("DTPA"), breached the contract, breached a fiduciary duty, and conspired with the other defendants in the Underlying Lawsuit to defraud her (Exhibit C at AIC—Builders 00340-342).

17.    Plaintiff also alleges that Projekt's and its subcontractors' work at the property was defective, causing or contributing to significant damage in excess of $1,000,000.00 in damages (*see* Exhibit C at AIC-Builders 00343).

18.    Ms. Lehmberg alleges Projekt contracted with Mangold Roofing to replace the tile roof and build a flat roof on the Property, which roof was improperly built, allowing water to enter the Property and cause decay and devaluation of the Property (Exhibit C at AIC-Builders 00336-337).

19.    Ms. Lehmberg alleges construction defects caused by Projekt included:

[I]mproper flooring installation; structural defects (the addition is

        1.5 inch out of plumb, floor is not level, and windows are not centered); improper cabinet installation and pricing (Plaintiff contracted for custom cabinetry and received pre-fabricated cabinets that do not close properly); improper and untimely roof installation (water damage occurred at the Property when rain entered the building addition because the roof deck had been delayed and no proper protection to prevent water entry had been made); improper patio and retaining wall installation which caused flooding around and under the Property; allowing a contractor to improperly trench through a Heritage pecan tree's roots, causing the tree irreparable harm; refusing to compensate Plaintiff after the same contractor damaged new unprotected Marvin doors and windows . . . (*See* Exhibit C at AIC-Builders 00337)

20.    Allegedly, Projekt and other defendants in the Underlying Lawsuit failed to perform architectural services related to the construction work at the Property (Exhibit C at AIC-Builders 00343).

**B.**    **The AIC-Builders Policies**

21.    AIC-Builders issued Commercial Package insurance policy # PKG 0129567 00 to Projekt Construction, Inc. for the period August 16, 2012 through August 16, 2013 (the "2012 Policy" at Exhibit A at AIC-Builders 00001 - 00130). The commercial general liability coverage part, relevant here, of the 2012 Policy has a $1,000,000.00 limit of liability per each occurrence, and affords coverage for sums Projekt becomes legally obligated to pay as damages because of "property damage" caused by an "occurrence" or accident and <u>subject to the other terms and conditions</u> of the 2012 Policy. *See* Exhibit A at AIC-Builders 00067.

22.    AIC-Builders also issued Commercial Package insurance policy # PKG 0129567 01 to Projekt Construction, Inc. for the period August 16, 2013 through August 16, 2014 ("2013 Policy" at Exhibit B at AIC-Builders 00131 - 00332). The commercial general liability coverage part of the 2013 Policy also has a $1,000,000 limit of liability, per occurrence, and affords coverage for sums Projekt becomes legally obligated to pay as damages because of "property damage" caused by an "occurrence" or accident and <u>subject to the other terms and conditions</u> of the 2013

Original Complaint for Declaratory Judgment            7

Policy. *See* Exhibit B at AIC-Builders 00155.

23. The 2012 Policy and 2013 Policy (the "Policies") contain Commercial General Liability Coverage Form CG 00 01 12 07 relevant here. *See* Exhibit A, at AIC-Builders 00070 – 00085 and Exhibit B at AIC-Builders 00270 – 00285. The applicable coverage is afforded under the insuring agreement, Coverage A, Bodily Injury and Property Damage Liability. *Id.* Under this insuring agreement, AIC-Builders agreed to pay "sums [Projekt] becomes legally obligated to pay as damages because of "bodily injury" [not relevant her] or "property damage"…caused by an "occurrence", [if the] "bodily injury" or "property damage" occurs during the policy period" (*id.*) subject to the other terms, conditions, and provisions of the Policies.

24. The Policies also contain Section V – Definitions, 17. " 'Property damage' means: a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it." *See* Exhibit A, at AIC-Builders 00084 and Exhibit B at AIC-Builders 00284.

25. The Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (*See* Policies, Section V – Definitions, 13 at Exhibit A, at AIC-Builders 00083 and Exhibit B, at AIC-Builders 00283).

26. The Policies are each endorsed with form GL RFWE 02 08, titled Residential Faulty, Defective or Poor Workmanship Exclusion, which endorsement modifies the insurance provided under the Policies by excluding coverage for the "cost [to] repair, replace[], remov[e] . . . or otherwise mak[e] good any faulty, defective, or poor workmanship in '[the insured's] work' for which any insured or any insured's employees, contractors, or subcontractors may be liable"

as follows:

## RESIDENTIAL FAULTY, DEFECTIVE OR POOR WORKMANSHIP EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

In regard only to "your work" in connection with residential structures, **Exclusion I. Damage to Your Work** of **Section I - Coverages, Coverage A. Bodily Injury and Property Damage Liability, 2. Exclusions** is deleted and replaced with:

I. **Faulty, Defective or Poor Workmanship in Your Work**

This insurance does not apply to any claim or "suit" for the cost of repair, replacement, adjustment, removal, loss of use, inspection, disposal, or otherwise making good any faulty, defective or poor workmanship in "your work" for which any insured or any insured's employees, contractors, or subcontractors may be liable.

This exclusion does not include "property damage" sustained by any other property that is caused by the faulty, defective or poor workmanship in "your work".

This exclusion applies only to residential structures for which coverage is not otherwise excluded under this insurance.

*See* Exhibit A at AIC-Builders 00122; Exhibit B at AIC-Builders 00323.

27. The Policies each contain the following relevant definition:

22. "Your work"

    a. Means:

        (1) Work or operations performed by you or on your behalf; and

        (2) Materials, parts or equipment furnished in connection with such work or operations.

    b. Includes:

        (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

(2) The providing of or failure to provide warranties or instructions.[1]

28. The Policies are each endorsed with form CG 21 16 07 98, titled, Exclusion – Designated Professional Services, bars coverage for "property damage" due to the rendering or failure to render any professional service of real estate agents and/or brokers, architects, engineers or surveyors. *See* Exhibit A at AIC-Builders 00095 and Exhibit B at AIC-Builders 00295.

29. Similarly, the Policies are endorsed with form CG 22 43 07 98, titled Exclusion – Engineers, Architects or Surveyors Professional Liability, which bars coverage for property damage arising out of the rendering of or failure to render any professional services by Projekt or any engineer, architect or surveyor who is either employed by Projekt or performing work on Project's behalf in such capacity. *See* Exhibit A at AIC-Builders 00105 and Exhibit B at AIC-Builders 00305.

30. The Policies are also endorsed with form CG 21 86 12 04, titled, Exclusion – Exterior Insulation and Finish Systems, which bars coverage for "property damage" arising out of, caused by, or attributable to, either in whole or in part, exterior insulation and finish systems as follows:

---

[1] Policies, Form CG 00 01 1207 at SECTION V – DEFINITIONS, 22 at 16 at Exhibit A, AIC-Builders 00074 and Exhibit B, at AIC-Builders 00274.

Original Complaint for Declaratory Judgment                                                              10

COMMERCIAL GENERAL LIABILITY
CG 21 86 12 04

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - EXTERIOR INSULATION AND FINISH SYSTEMS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of, caused by, or attributable to, whether in whole or in part, the following:

1. The design, manufacture, construction, fabrication, preparation, distribution and sale, installation, application, maintenance or repair, including remodeling, service, correction or replacement, of any "exterior insulation and finish system" or any part thereof, or any substantially similar system or any part thereof, including the application or use of conditioners, primers, accessories, flashings, coatings, caulking or sealants in connection with such a system; or

2. "Your product" or "your work" with respect to any exterior component, fixture or feature of any structure if an "exterior insulation and finish system", or any substantially similar system, is used on the part of the structure containing that component, fixture or feature.

B. The following definition is added to the **Definitions** Section:

"Exterior insulation and finish system" means a non-load bearing exterior cladding or finish system, and all component parts therein, used on any part of any structure, and consisting of:

1. A rigid or semi-rigid insulation board made of expanded polystyrene and other materials;

2. The adhesive and/or mechanical fasteners used to attach the insulation board to the substrate;

3. A reinforced or unreinforced base coat;

4. A finish coat providing surface texture to which color may be added; and

5. Any flashing, caulking or sealant used with the system for any purpose.

*See* Exhibit A, at AIC-Builders 00102 and Exhibit B, at AIC-Builders 00302.

31. The Policies are endorsed with form CG 22 34 07 98, titled, Exclusion – Construction Management Errors and Omissions, which bars coverage for any "property damage" arising out of Projekt's errors or omissions in construction management for the construction work for Ms. Lehmberg. The exclusion states as follows:

Original Complaint for Declaratory Judgment                                                                 11

> COMMERCIAL GENERAL LIABILITY
> CG 22 34 07 98
>
> **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
>
> # EXCLUSION – CONSTRUCTION MANAGEMENT ERRORS AND OMISSIONS
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> The following exclusion is added to Paragraph **2.**, Exclusions of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2.**, Exclusions of **Section I – Coverage B – Personal And Advertising Injury Liability:**
>
> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:
>
> 1. The preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications by any architect, engineer or surveyor performing services on a project on which you serve as construction manager; or
>
> 2. Inspection, supervision, quality control, architectural or engineering activities done by or for you on a project on which you serve as construction manager.
>
> This exclusion does not apply to "bodily injury" or "property damage" due to construction or demolition work done by you, your "employees" or your subcontractors.

*See* Exhibit A, at AIC-Builders 00104 and Exhibit B, at AIC-Builders 00304.

32. All other terms, exclusions, conditions, limits, and endorsements of the AIC-Builders Policies, which terms, exclusions, conditions and endorsements are incorporated herein as though set forth verbatim, are attached hereto as Exhibits A, and B, respectively.

**COUNT I: Declaratory Judgment on Duty to Indemnify Under Builders Policies**

33. AIC-Builders incorporates paragraphs 1. through 32. as if re-stated herein *in extenso*.

34. Once Ms. Lehmberg knew of the damage to the Property, such damage became a known loss and was not fortuitous and any AIC-Builders Policy issued after the loss was known does not apply to such damage.[2]

---

[2] *See* Policies, Form CG 00 01 12 07, SECTION I – COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. Insuring Agreement, subsection c. at Exhibit A at AIC-Builders 00070 and Exhibit B at AIC-Builders 00270.

Original Complaint for Declaratory Judgment                                                                                           12

35. Amounts Ms. Lehmberg seeks from Projekt for money had and received, misappropriation and misapplied proceeds from her trust fund do not qualify under the Policy or Texas law as "property damage" (Exhibit A at AIC-Builders 00084 and Exhibit B at AIC-Builders 00284). Therefore, AIC-Builders is not obligated to indemnify Projekt or pay any portion of any judgment or settlement in the Underlying Lawsuit for the return of monies or the misappropriation or misapplication of money from Ms. Lehmberg's trust fund.

36. Pursuant to the Residential Faulty, Defective or Poor Workmanship Exclusion, the Policies do not apply to the "cost [to] repair, replace[], remov[e] . . . or otherwise mak[e] good any faulty, defective, or poor workmanship in '[Projekt's]' work for which [Projekt's or Projekt]'s employees, contractors, or subcontractors may be liable."[3] Therefore, AIC-Builders is not obligated to indemnify Projekt or pay any portion of any judgment or settlement in the Underlying Lawsuit for the cost to repair, replace, or remove or otherwise make good any faulty, defective or poor workmanship of Projekt for which Projekt or its employees, contractors, or subcontractors are liable, including but not limited to: roof defects, door framing, stair framing, walls and drywall, concrete rebar, cabinets, or the fountain.

37. Ms. Lehmberg alleges Projekt performed or failed to perform architectural services. Exhibit C at AIC-Builders 00343. Pursuant to the Designated Professional Services Exclusion, form CG 21 16 07 98 the Policies do not apply to and AIC-Builders has no obligation to indemnify Projekt or pay any portion of any judgment or settlement in the Underlying Lawsuit for property damage due to the rendering or failure to render any professional service of real estate agents and/or brokers, architects, engineers or surveyors (Exhibit A at AIC-Builders 00095 and Exhibit B at AIC-Builders 00295).

---

[3] *See* Exhibit A at AIC-Builders 00122 and Exhibit B at AIC-Builders 00323.

Original Complaint for Declaratory Judgment                                                                 13

38. Similarly, pursuant to Exclusion – Engineers, Architects or Surveyors Professional Liability, form CG 22 43 07 98, the Policies do not apply to and AIC-Builders has no obligation to indemnify Projekt or pay any portion of any judgment or settlement in the Underlying Lawsuit for any property damage arising out of the rendering of or failure to render any professional services by Projekt or any engineer, architect or surveyor who is either employed by Projekt or performing work on Project's behalf in such capacity (Exhibit A at AIC-Builders 00105 and Exhibit B at AIC-Builders 00305).

39. Pursuant to the Exterior Insulation and Finish Systems Exclusion, form CG 21 86 12 04, no coverage is afforded under the Policies and AIC-Builders has no obligation to indemnify Projekt or pay any judgment or settlement in the Underlying Lawsuit for property damage arising out of, caused by, or attributable to, whether in whole or in part, the design, manufacture, construction, fabrication, preparation, distribution and sale, installation, application, maintenance or repair of any "exterior insulation and finish system" or any part thereof or any substantially similar system, or any part thereof (*see* Exhibit A, at AIC-Builders 00102 and Exhibit B, at AIC-Builders 00302).

40. Pursuant to the Construction Management Errors and Omissions Exclusion, form CG 22 34 07 98, no coverage is afforded under the Policies and AIC-Builders has no obligation to indemnify Projekt or pay any judgment or settlement in the Underlying Lawsuit for property damage arising out of the preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, filed orders, change orders or drawings and specifications by any architect, engineer or surveyor performing services on Ms. Lehmberg's construction project (Exhibit A at AIC-Builders AA104 and Exhibit B at AIC-Builders 00304). .

**PRAYER FOR RELIEF**

41. **WHEREFORE**, Association Insurance Company prays that it be granted the following relief from this Court:

   a) A declaration that AIC-Builders has no obligation to indemnify Projekt or pay any portion of any judgment or settlement of the Underlying Lawsuit for fortuitous or known loss or damage to the Property that Ms. Lehmberg knew of before one or more of the Policies were issued;

   b) A declaration that AIC-Builders has no duty under the Policies to indemnify Projekt or pay any portion of any judgment or settlement in the Underlying Lawsuit for damage that does not qualify as "property damage" as the Policies define that term, including, but not limited to, any return or reimbursement of monies;

   c) A declaration that AIC-Builders has no duty under the Policies to indemnify Projekt or pay any portion of any judgment or settlement in the Underlying Lawsuit for the cost to repair, replace, adjust, remove, lost use of, inspect, dispose of, or otherwise make good any faulty, defective or poor workmanship of Projekt or for which Projekt or its employees, contractors, or subcontractors are liable, which damage is excluded from coverage by the Residential Faulty, Defective or Poor Workmanship Exclusion, form GL RFWE 02 08;

   d) A declaration that AIC-Builders has no duty under the Policies to indemnify Projekt or pay any portion of any judgment or settlement in the Underlying Lawsuit for property damage arising out the rendering or failure to render any professional service of real estate agents and/or brokers, architects, engineers or surveyors, which damage is excluded from coverage by Exclusion – Designated Professional Services, form CG 21 16 07 98;

   e) A declaration that AIC-Builders has no duty under the Policies to indemnify Projekt or pay any portion of any judgment or settlement in the Underlying Lawsuit for property damage arising out of professional services of real estate agents and/or brokers or architects, engineers, or surveyors, which damage is excluded from coverage by Exclusion – Engineers, Architects or Surveyors Professional Liability, form CG 22 43 07 98;

   f) A declaration that AIC-Builders has no duty under the Policies to indemnify Projekt or pay any portion of any judgment or settlement in the Underlying Lawsuit for property damage arising out of, caused by, or attributable to, whether in whole or in part, the design, manufacture, construction, fabrication, preparation, distribution and sale, installation, application, maintenance or repair of any "exterior insulation and finish system" or any part thereof or any substantially similar system, or any part thereof, which damage is excluded from coverage by the Exterior Insulation and Finish Systems Exclusion, form CG 21 86 12 04;

g) A declaration that AIC-Builders has no duty under the Policies to indemnify Projekt or pay any portion of any judgment or settlement in the Underlying Lawsuit for property damage arising out of the preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, filed orders, change orders or drawings and specifications by any architect, engineer or surveyor performing services on Ms. Lehmberg's construction project, which damage is excluded from coverage by the Construction Management Errors and Omissions Exclusion, form CG 22 34 07 98;

h) Costs of court; and

i) All other and further relief, at law or in equity, to which AIC-Builders may be justly entitled.

Respectfully submitted,

**COZEN O'CONNOR**

*/s/Alissa K. Christopher*
Alissa K. Christopher (Lead Attorney)
Texas Bar No. 11531020
James B. Harper
Texas Bar No. 24108602
1717 Main Street, Suite 3100
Dallas, Texas  75201
Telephone: (214) 462-3000
Facsimile:  (214) 462-3299
akchristopher@cozen.com
jharper@cozen.com
**ATTORNEYS FOR PLAINTIFF
ASSOCIATION INSURANCE COMPANY**

LEGAL\66425970\3